John D. Fiero (CA Bar No. 136557)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: jfiero@pszjlaw.com

*Attorneys for Michael Goldberg,*
*Trustee of the PFI Trust*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>PROFESSIONAL FINANCIAL INVESTORS, INC., *et al.*,<br><br>Debtor. | Case No. 20-30604<br>(Jointly Administered)<br><br>Chapter 11 |
| Michael Goldberg, Trustee of the PFI Trust,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Adv. Proc. No. 26-_____<br><br>**COMPLAINT REGARDING TURNOVER OF FEDERAL TAX REFUND PURSUANT TO (11 U.S.C. § 542(b))** |

Michael Goldberg, the duly-appointed Trustee ("Trustee" or "Plaintiff") of the PFI Trust (the "Trust") arising from the above-captioned chapter 11 case of Professional Financial Investors, Inc. ("PFI") and Professional Investors Security Fund ("PISF") and their affiliated debtors (collectively, the "Debtors"), as and for his complaint ("Complaint") against the above-captioned defendant the United States of America (the "Defendant"), alleges as follows:

## PRELIMINARY STATEMENT

1. Defendant is wrongfully in possession of $1,134,759.00 that belongs to Plaintiff. On account of the tax period ended December 31, 2021, PFI made total tax payments of $7,456,819.00. PFI filed a federal tax return reflecting a refund amount of $1,141,480. Defendant



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

reviewed PFI's return and concluded that PFI's correct tax liability was $6,322,060.00 and that PFI had overpaid Defendant in the amount of $1,134,759.00 (the "Tax Refund").

2. On or about September 30, 2024, Defendant informed Plaintiff that a refund in the amount of $1,134,759.00 would be forthcoming "as long as you don't owe other tax or debts we're required to collect." Plaintiff never received such refund, and has contacted Defendant numerous times to no avail.

3. Accordingly, Plaintiff seeks entry of a judgment compelling turnover of the Tax Refund held by Defendant.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b)(2)(A) and (E) and 1334(b).

5. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

6. This adversary proceeding is commenced pursuant to section 542(b) of the title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E).

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

**THE PARTIES**

8. Plaintiff, brings this action solely in his capacity as the Trustee of the Trust, which holds all present right, title and interest in the Tax Refund.

9. Defendant is the United States of America, acting by and through the Internal Revenue Service (IRS), a department of the United States federal government.

**STATEMENT OF FACTS SUPPORTING CLAIMS FOR RELIEF**

**A. Case Background**

10. On July 16, 2020, Jacques Achsen, Samuel Goldberger, Elizabeth Goldblatt, Arthur Indenbaum, Andrew Michaels, Mary Michaels, and Joel Rubenzahl commenced an involuntary chapter 11 bankruptcy action against Debtor Professional Investors Security Fund, Inc. ("PISF").



PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

On July 26, 2020, PISF filed a consent to the entry of an order for relief in the PISF case, which this Court entered on July 27, 2020.

11. On July 26, 2020. Professional Financial Investors, Inc. ("PFI") commenced its bankruptcy case by filing a voluntary chapter 11 petition.

12. Between November 20, 2020 and February 4, 2021, PFI filed involuntary chapter 11 petitions against the remaining Debtors, and this Court subsequently entered orders for relief against them.

13. On November 2, 2021, the United States Bankruptcy Court for the Northern District of California (the "Court"), entered an order confirming the *Modified Second Amended Joint Chapter 11 Plan of Professional Financial Investors, Inc. and its Affiliated Debtors Proposed by the Debtors and Official Committee of Unsecured Creditors and Supported by the Ad Hoc LLC Members Committee and Ad Hoc DOT Noteholders Committee filed on November 1, 2021* [Dkt. No. 964] (the "Plan").

14. On December 15, 2021, the Plan became effective by its terms (the "Effective Date") and the Trust was formed [Docket No. 1042] and Plaintiff became Trustee of the Trust.

**B. Background Related to Tax Refund**

15. On or about August 23, 2024, Plaintiff filed its U.S. Corporate Income Tax Return for the year ended December 31, 2021 (the "2021 Return").

16. The 2021 Return reflected a total tax due of $6,332,060 on which total payments made were $7,463,540. As a result, the 2021 Return showed a $1,141,480 overpayment, for which a refund of the entire amount was requested.

17. On September 30, 2024, Defendant mailed an adjusted refund notice to Plaintiff, stating that the actual payments made were $7,456,819 such that the overpayment Plaintiff was actually entitled to is $1,134,759 (the "Refund Notice").

18. The Refund Notice states: "If you haven't already received your refund of $1,134,759.00 it will be issued within 3-4 weeks as long as you don't owe other tax or debts we're required to collect." No refund check was ever delivered to Plaintiff to his knowledge.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

19. Plaintiff's advisors have attempted to reach the IRS for turnover the Tax Refund to no avail. Defendant has been unreachable, and has never sent the Tax Refund to Plaintiff.

## FIRST CLAIM FOR RELIEF

**(Turnover of Property to the Trustee Pursuant to 11 U.S.C. § 542(b))**

20. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in the above paragraphs as though fully set forth herein.

21. The Tax Refund is property of the bankruptcy estate pursuant to section 541 of the Bankruptcy Code.

22. The Tax Refund is in the custody and control of Defendant.

23. Plaintiff has sought the turnover the of Tax Refund Policy proceeds and has met the conditions for distribution of the Tax Refund pursuant to the Refund Notice.

24. Defendant has wrongfully failed to return the Tax Refund to Plaintiff.

25. Plaintiff is entitled to the turnover of the Tax Refund in the amount of $1,134,759.00 and recovery of interest and his costs of this action.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Case: 26-03039 Doc# 1 Filed: 08/17/26 Entered: 08/17/26 13:28:29 Page 4 of 5

**WHEREFORE**, the Plaintiff prays for judgment as follows:

1. On the First Claim for Relief for turnover of $1,134,759.00.
2. For costs of suit incurred herein and pre-judgment interest.
3. For reasonable attorneys' fees to the extent permitted by law.
4. For such other and further relief as the Court may deem just and proper.

Dated: August 17, 2026

PACHULSKI STANG ZIEHL & JONES LLP

By */s/ John D. Fiero*
John D. Fiero
Cia H. Mackle

*Attorneys for Michael I. Goldberg, Trustee of the PFI Trust*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA